UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                      Criminal No. 09-258 ADM/AJB

        Plaintiff,

v.                                       **REPORT AND RECOMMENDATION**

Deandre James Guthmiller,

        Defendant.

       Leshia M. Lee-Dixon, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

       Alan D. Margoles, Esq., for defendant Deandre James Guthmiller.

       This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on November 4, 2009, at the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101. Testimony was presented and exhibits were received at the hearing with regard to suppression of statements and search and seizure evidence.

       Based upon the file and documents contained therein, along with testimony and exhibits presented at hearing, the Magistrate Judge makes the following:

**Findings**

       **Search Warrant.** On February 17, 2009, Washington County District Court Judge Elizabeth H. Martin issued a warrant authorizing the search of a particularly described residential location in Oakdale, Minnesota, including a detached garage (Hrg. Ex. 2). The search location is further identified in the supporting affidavit as the residence of Vicky Morine. Ms. Morine is defendant Deandre Guthmiller's mother. The search warrant identified the objects of the warrant as complete computer systems; data storage media, including hard drives

and removable media, and all data relating to child pornography contained on such media; papers and materials indicating possession or distribution of child pornography; computer programs and manuals; documents showing passwords; proof of residence and internet service documents; materials indicating possession of property; cameras and video recording equipment; depictions of minors engaged in sexual activities; depictions of nude minors; and any evidence of the sexual exploitation of children. The warrant was issued on the basis of probable cause evidence contained in the Affidavit of Oakdale Police Investigator Wayne Hager, including information obtained as the result of searches of a public computer file sharing network that reveals Internet Protocol ("IP") addresses that are known to allow access to files containing child pornography. Evidence that was submitted to establish probable cause also includes information obtained as the result of an administrative subpoena (Hrg. Ex. 1) requested by Minneapolis Police Officer Dale Hanson and issued by an Assistant Hennepin County Attorney on behalf of Michael Freeman, Hennepin County Attorney. The subpoena was addressed to Comcast, and information obtained through the subpoena indicated that a particular IP address was assigned to the identified resident of the search address, Vicky Morine (Def. Hrg. Ex 6).

**Statement.** The above-described search warrant was executed on February 18, 2009, at approximately 8:50 a.m. by three investigators and a uniformed officer. Executing officers knocked on the door and defendant Deandre Guthmiller answered. The officers entered the house with firearms drawn and immediately conducted a security check of the residence. Mr. Guthmiller called to his mother, Vicky Morine, who then came down from the upstairs. There was no one else in the home. The officers went to defendant Guthmiller's bedroom where they found computer and electronics equipment, including three monitors and a large screen

television.

Approximately five minutes after entering the premises, Investigator Hager brought Mr. Guthmiller to the basement for the purpose of conducting an interview. There had been no prior conversations between the defendant and officers, and no other officers were present for the interview. The interview was recorded (Hrg. Ex. 3) and there was no questioning prior to recording. The <u>Miranda</u> advisory was read to the defendant from a card. The defendant understood his <u>Miranda</u> rights and agreed to talk with the officer. Guthmiller made no request that an attorney be present during questioning. Investigator Hager was armed, but his firearm remained holstered. The defendant was not encouraged to talk to the officer. Mr. Guthmiller made incriminating statements and provided information to the investigator. The interview lasted approximately 24 minutes and the defendant did not ask for the assistance of an attorney at any time during the interview.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**<u>Conclusions</u>**

**Search Warrant.** Evidence seized pursuant to a warrant authorizing the search of a particularly described residential location in Oakdale, Minnesota, including a detached garage (Hrg. Ex. 2) was not unlawfully obtained in violation of the constitutional rights of defendant Deandre James Guthmiller. The residence search warrant was issued on February 17, 2009, and was based upon sufficient probable cause as stated in the Affidavit of Deputy Craig Martin and as determined by Washington County District Court Judge Elizabeth H. Martin , and was based upon sufficient probable cause as stated in the Affidavit of Oakdale Police Investigator Wayne Hager. The warrant properly and sufficiently identified the location of the

search and the items to be seized. The court specifically concludes that reference to evidence obtained pursuant to an administrative subpoena does not provide grounds for suppression of evidence obtained in the execution of the search warrant. The search warrant in this matter was lawfully executed and there is no requirement for suppression of evidence seized pursuant to the warrant. In addition, no evidence obtained in the search or thereafter is subject to suppression as fruit of an unlawfully obtained search warrant.

**Administrative Subpoena.** Defendant Guthmiller has no protected privacy interest in subscriber information so as to establish a Fourth Amendment violation with respect to the government obtaining the subscriber name from a third-party service provider. See United States v. Perrine, 518 F.3 1196, 1205 (10th Cir. 2008) (cited with approval on this issue in United States v. Stults, 575 F.3d 834, 842 (8th Cir. 2009)). Consequently, defendant has no effective Fourth Amendment challenge with respect to use of an administrative subpoena to obtain subscriber information which was in turn used to establish a nexus between unlawful activity and the place to be searched.

Moreover, defendant Deandre Guthmiller was not the Comcast subscriber whose name was obtained via the administrative warrant and the defendant therefore lacks standing to challenge the search warrant based upon his failure to display any subjective expectation of privacy with respect to the subscriber information. See United States v. Kiser, 948 F.2d 418, 423 (8th Cir. 1991) (citations omitted). The Internet service account was registered to Vicky Morine, the defendant's mother, and there is no indication in the record that defendant was a subscriber or made any payments with respect to the account or otherwise maintained control over the account (Def. Hrg. Ex. 6 and Gov't Hrg. Ex. 1). Also, the court finds no basis upon

4

which to conclude that any presumed expectation of privacy in the Comcast subscriber information was objectively reasonable.  Id.

Finally, defendant seems to assert some sort of strict liability effect to the use of an (arguably) unlawfully issued and executed administrative subpoena, thereby invalidating any reliance of good faith pursuant to United States v. Leon, 468 U.S. 890 (1984), and/or the failure to make the showing of intentional or reckless use of false information as necessary under Franks v. Delaware, 438 U.S. 154 (1978).  The argument is unavailing.  In a federal prosecution, evidence obtained without violating the United States Constitution is admissible in a federal criminal trial even though the evidence may be been obtained in violation of state law.  United States v. Howell, 581 F.Supp. 65 (D.C. Neb. 1983)(citing United States v. Diaz, 685 F.2d 252, 254 (8th Cir. 1982)).  While the court does not herein make an express determination with respect to whether the administrative subpoena was unlawfully issued and executed, such a determination is not necessary to the suppression decision.  The court recognizes that the subpoena was issued solely for purposes of a criminal investigation.  Nonetheless, it is not patently clear that such an application is unlawful in light of the statement in Minn. Stat. § 388.23 subd. 1 whereby "[administrative s]ubpoenas may [] be issued for records that are relevant to an ongoing legitimate law enforcement investigation."  It is of no consequence that the subpoena was signed by an assistant county attorney where it is clear that the document was issued on behalf of the office of the county attorney.  Furthermore, and despite the initial investigating officer's pre-subpoena identification of an IP address "located in the St. Paul metro area," it is arguable that this geographical limitation would not preclude the possibility that the subscriber address encompasses the broader Twin Cities area which would include Hennepin

County. Defendant has made no evidentiary showing in that regard, and the court makes no finding that the administrative subpoena was issued pursuant to unlawfully exercised authority.

**Statements.** Defendant Deandre James Guthmiller's recorded custodial statements to Investigator Wayne Hager, made pursuant to interview and questioning at the defendant's residence on February 18, 2009 (Hrg. Ex. 3), were provided voluntarily and were not obtained in violation of the defendant's constitutional rights. Defendant was properly advised and was able to understand and comprehend his rights pursuant to Miranda as accurately presented to him from a written statement of rights. He was not subjected to force, threats, or promises in exchange for his statements, and he effectively waived his right to remain silent and his right to the assistance of counsel. Upon considering the totality of circumstances, the Court is persuaded that defendant's will was not overborne; and he knowingly, intelligently, and voluntarily waived his right to remain silent and his right to have an attorney present during questioning. Suppression of defendant's interview statements is not required.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

### RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Deandre James Guthmiller's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 21]; and

2. Defendant Deandre James Guthmiller's Motion for Suppression of Statements, Admissions and Answers be **denied** [Docket No. 24].

Dated:     December 14 2009

s/Arthur J. Boylan
                                        Arthur J. Boylan
                                        United States Magistrate Judge


       Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before December 29, 2009.

       Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.