# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Deandre James Guthmiller,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 09-258 ADM/AJB

_____

Leshia M. Lee-Dixon, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Alan D. Margoles, Esq., Margoles & Margoles, St. Paul, MN; Robert M. Speeter, Esq., Speeter & Johnson, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Deandre James Guthmiller's ("Defendant") Objections [Docket No. 52] to Magistrate Judge Arthur J. Boylan's Report and Recommendation ("R&R") [Docket No. 49] ("R&R"). The R&R recommends denying Defendant's Motion to Suppress Evidence [Docket No. 21] and Defendant's Motion to Suppress Statements, Admissions and Answers [Docket No. 24]. The facts underlying these charges are set forth in Judge Boylan's R&R and are incorporated by reference for purpose of the present Objections. For the reasons set forth below, the Objections are overruled and the R&R is adopted.

## II. DISCUSSION

### A. Standard of Review

"A district judge may refer to a magistrate judge for recommendation a defendant's

motion to dismiss or quash an indictment or information, a motion to suppress evidence, or any matter that may dispose of a charge or defense." Fed. R. Crim. P. 59(b)(1). "The district judge must consider de novo any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3).

### B. Defendant's Objections

Defendant argues that the administrative subpoena used to obtain subscriber information from a third party service provider violated Minnesota law because it was issued for a target address outside the jurisdiction of the requesting officer and assistant county attorney. Objections at 2. Therefore, Defendant continues, since the search warrant was based on information obtained through an invalid administrative subpoena, any evidence obtained as a result of the search warrant must be suppressed as "fruit of the poisonous tree." Id. at 2, 6-8. Assuming for the sake of argument that the administrative subpoena was issued and executed in violation of Minnesota law, that does not establish a Fourth Amendment violation resulting in the exclusion of evidence. As the Supreme Court recently explained, "it is not the province of the Fourth Amendment to enforce state law." Virginia v. Moore, 553 U.S. 164 (2008) (explaining the application of state law to Fourth Amendment violations and refusing to find an arrest based on probable cause unreasonable, even when prohibited by a state statute); United States v. Diaz, 685 F.2d 252, 254 (8th Cir. 1982) ("[E]vidence obtained without violating the Constitution or federal law is admissible in a federal criminal trial even though obtained in violation of state law.") (quotation omitted). This is a federal criminal prosecution. Since federal law governs the admissibility of evidence in federal prosecutions, whether the government complied with the state's administrative subpoena statute is not pertinent to the

2

Fourth Amendment analysis.

Defendant also argues that the evidence should be excluded because the process leading to the issuance of the warrant violated standards announced in Franks v. Delaware, 438 U.S. 154 (1978). Objections at 7. Specifically, Defendant contends that the affiant of the search warrant, Oakdale Police Investigator Wayne Hager ("Hager"), made a material omission in the search warrant affidavit because he failed to inform the issuing authority that the subscriber information was obtained in violation of a state statute. Id.

To prevail on a Franks claim the defendant must show: (1) that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit; and (2) that the affidavit's remaining content is insufficient to establish probable cause. Id. Similarly, for allegations of material omissions from the affidavit, the defendant must show by a preponderance of the evidence (1) that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading; and (2) that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause. United States v. Reinholz, 245 F.3d 765, 774 (8th Cir. 2001).

Upon review of the evidence, there is no indication that Investigator Hager intentionally or recklessly omitted information in his affidavit. Hager obtained information from Minneapolis Police Officer Dale Hanson, but there is no evidence to show that Hager knew that there was anything defective about the administrative subpoena. Accordingly, Defendant has not made the requisite showing.

Defendant next argues that the government's conduct of obtaining subscriber information from a third party (Comcast) violated his legitimate expectation of privacy establishing a

violation of his Fourth Amendment rights. Objections at 3. Judge Boylan relied on a Tenth Circuit case, United States v. Perrine, 518 F.3d 1196, 1205 (10th Cir. 2008), which was cited with approval by the Eighth Circuit in United States v. Stults, 575 F.3d 834, 842 (8th Cir. 2009), and concluded that Defendant "has no protected privacy interest in subscriber information so as to establish a Fourth Amendment violation with respect to the government obtaining the subscriber name from a third-party service provider." R&R at 4. Defendant objects to this conclusion arguing that because the states in which those cases originated (Kansas and Nebraska, respectively) do not have an administrative subpoena scheme comparable to Minnesota, the holdings of Perrine and Stults are inapplicable to this dispute. Objections at 3. But, as previously discussed, even if Defendant had an expectation of privacy in subscriber information as a matter of state law, he does not have a federal constitutional expectation of privacy in such information. Thus, because Minnesota has an administrative subpoena scheme but Kansas and Nebraska have not, does not change the analysis.

In light of the preceding analysis, the Court finds it unnecessary to reach the issue of whether Defendant has standing to challenge the search warrant.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Boylan's R&R [Docket No. 49] is **ADOPTED**;

2. Defendant's Objections [Docket No. 52] are **OVERRULED**;

3. Defendant's Motion to Suppress Evidence [Docket No. 21] is **DENIED**; and

4

4. Defendant's Motion to Suppress Statements, Admissions and Answers [Docket No. 24] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery    
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 4, 2010.